IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ANNA WHITE FERRARACCIO,**

       **Plaintiff,**

v.                                                                                            Case No.: 5:24-cr-00700

**NEW PEOPLES BANK,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER

Currently pending before the Court are Defendant's Motion to Dismiss, (ECF No. 8), and Plaintiff's *pro se* Motion to Amend Complaint, (ECF No. 11); Amended Motion for Permission to File Electronically, (ECF No. 15); and Application to Proceed Without Prepayment of Fees or Costs, (ECF No. 16). For the following reasons, the Court **DENIES** the Motion to Dismiss as moot, (ECF No. 8); **GRANTS** the Motion to Amend Complaint, (ECF No. 11); **DENIES** the Amended Motion for Permission to File Electronically, (ECF No. 15); and **DENIES** the *in forma pauperis* application as moot, (ECF No. 16).

As an initial matter, the Court notes that Plaintiff did not respond to the Motion to Dismiss, (ECF No. 8). Instead, she filed a Motion to Amend Complaint, (ECF No. 11), asserting that a responsive pleading had not been filed and she could thus amend the complaint as a matter of right. (*Id*.). Plaintiff could have amended her complaint without leave of Court within 21 days of being served with Defendant's Motion to Dismiss. Fed. R. Civ. P. 15(a)(1)(B). However, she waited approximately two months after service of the Motion to Dismiss to move to amend her complaint. (ECF Nos. 10, 11). In any event,

Plaintiff's Motion to Amend is unopposed, and the Court should freely grant a party leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court finds that Plaintiff should be permitted to amend her complaint in this case. The Court **ORDERS** the Clerk to file the Amended Complaint, (ECF No. 11-1), in the docket. The pending Motion to Dismiss is rendered moot due to the filing of the Amended Complaint, and Defendant shall respond to the Amended Complaint in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure.

Regarding Plaintiff's Amended Motion for Permission to File Electronically, "A person not represented by an attorney: (i) may file electronically only if allowed by court order or by local rule; and (ii) may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions." Fed. R. Civ. P. 5(d)(3)(B). In her motion, Plaintiff represents that she has an active PACER account and is familiar with the CM/ECF filing system. (ECF No. 15). She asserts that, by allowing her to file electronically, the Court will promote judicial economy, and it will not prejudice any party. However, the Court reaches the opposite conclusion. Although it may have been inadvertent, Plaintiff has demonstrated a misunderstanding of Court procedure and rules. As described above, she incorrectly represented that she could amend her complaint as a matter of right because no responsive pleading had been filed. If that were true, leave of Court would not have been required, which undermined the basis of her motion to amend. Further, a motion to dismiss was filed months earlier and served on Plaintiff via first-class mail and email. If Plaintiff was unable to keep up with electronic service in that instance, it is unlikely that she will be able to in the future. In addition, Plaintiff confusingly moved to proceed *in forma pauperis*, although she already paid the full filing fee when she instituted this case. (ECF Nos. 2, 16). Given this history, Plaintiff is unlikely to properly

comply with the rules and procedure governing electronic filing, which would delay resolution of the case, waste judicial resources, and prejudice Defendant. Therefore, the Court finds that Plaintiff, who is proceeding *pro se*, shall not be permitted to file documents electronically in this matter.

    The Clerk is directed to provide copies of this Order to counsel of record and any unrepresented parties.

**ENTERED:** March 17, 2025



Joseph K. Reeder
United States Magistrate Judge