UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ANNA WHITE FERRARACCIO,

    Plaintiff,

v.                                              CIVIL ACTION NO. 5:24-cv-00700

NEW PEOPLE'S BANK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant New People's Bank's ("NPB") Motion to Dismiss [ECF 40], filed July 25, 2025. Plaintiff Anna White Ferraraccio responded in opposition [ECF 44] on August 18, 2025, to which Defendant replied [ECF 45] on August 25, 2025.

### I.

Ms. Ferraraccio brings this action pursuant to 15 U.S.C.A. § 1691, alleging NPB violated the Equal Credit Opportunity Act [ECF 39 ¶¶ 12-15], and 42 U.S.C.A. § 3605, the Fair Housing Act [*Id.* ¶¶ 16-20]. Ms. Ferraraccio alleges she held, and personally guaranteed, personal and business loans with NPB for her business, the Pipestem Spa, Event Center and Mountain Chalets in Pipestem, West Virginia, and for her personal residence. [*Id.* ¶¶ 5-6]. On March 16, 2025, NPB notified Ms. Ferraraccio it was holding a non-judicial foreclosure against her properties. [*Id.* ¶ 7]. On March 18, 2025, two days after NPB's counsel, William S. Winfrey, notified Ms. Ferraraccio of potential buyers for her properties, she informed Mr. Winfrey she had secured financing and sought to pay off the loans that were in foreclosure. [*Id.* ¶¶ 8-9].

On March 19, Ms. Ferraraccio asked for payoff amounts two separate times, with no response from NPB. [*Id.* ¶ 9]. On March 19 and 20, 2025, Joseph Angotti of Grouse Ridge Capital ("Grouse Ridge") communicated with Mr. Winfrey to send the payoff on the foreclosure amounts. [*Id.*]. Despite repeated attempts to make payments, NPB failed to give Ms. Ferraraccio sufficient information to allow her to cure her delinquent loans. [*Id.* ¶¶ 9-10]. Ms. Ferraraccio alleges NPB refused to provide rights to reinstatement and refused to discuss reasonable repayment plans proposed by Ms. Ferraraccio. [*Id.* ¶ 10].

Instead, according to Ms. Ferraraccio's Complaint, NPB proceeded with foreclosure of all the real property Ms. Ferraraccio owned. [*Id.* ¶ 11]. In Count I, Ms. Ferraraccio alleges NPB violated the Equal Credit Opportunity Act when it discriminated against her based upon her sex and religion as a non-Christian woman. [*Id.* ¶ 12]. She alleges other borrowers who are male and Christian have been treated more favorably, and that her sex and religion were motivating factors in NPB's foreclosure actions against her property. [*Id.* ¶ 13, 14]. Count II duplicates these allegations, alleging NPB's discriminatory conduct also violated the Fair Housing Act.

Ms. Ferraraccio instituted this action on December 5, 2024 [ECF 1]. She filed her First Amended Complaint on March 17, 2025 [ECF 18], and Second Amended Complaint on July 16, 2025 [ECF 39]. NPB now seeks dismissal of the Second Amended Complaint. [ECF 40].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires a pleader to provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge

a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. North Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570. The Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The Court

is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Accepting Ms. Ferraraccio's allegations as true, she asserts NPB denied her the opportunity to remedy her delinquent loans based on her sex and religion. The federal statutory provisions upon which she relies prohibit discrimination on the basis of sex or religion. Giving Ms. Ferraraccio the benefit of all inferences in her favor, dismissal is inappropriate at this stage. NPB may raise its challenges anew at summary judgment, following development of a complete evidentiary record. Accordingly, the Motion to Dismiss is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to any counsel of record and any unrepresented party.

ENTER: October 6, 2025

Frank W. Volk
Chief United States District Judge