**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ANNA WHITE FERRARACCIO,**

**Plaintiff,**

**v.** **Case No.: 5:24-cv-00700**

**NEW PEOPLES BANK,**

**Defendant.**

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Anna White Ferraraccio's Motion to Compel Discovery and for Sanctions filed August 26, 2026. (ECF No. 64). Defendant New People's Bank filed its response in opposition on September 4, 2026. (ECF No. 68). No reply has been filed, and the Motion is ripe for disposition. For the reasons set forth below, the Motion is **DENIED**.

## I. Background

Plaintiff is presently proceeding *pro se*. On August 27, 2026, the Court advised Plaintiff that her unrepresented status does not relieve her of the obligation to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and all orders and deadlines entered in this action. (ECF No. 65 at 1–2).

Against this procedural backdrop, Plaintiff filed the present Motion seeking to compel discovery that originated while she was represented by counsel and that she contends remained unresolved following subsequent communications between the parties.

In her Motion, Plaintiff states that the discovery giving rise to the present dispute was originally served on November 14, 2025. (ECF No. 64 at 2–3). She describes subsequent communications concerning Defendant's responses and production, including a July 1, 2026, email transmitting Defendant a draft of the instant Motion and requesting additional responses, documents, and deposition information. (*Id.* at 3). Plaintiff does not identify any written agreement or Court order extending the applicable deadlines and instead relies on informal extensions and the parties' intervening communications. (*Id.* at 2–4).

Defendant responds that, after the Motion was filed, it served Plaintiff with answers to her interrogatories on September 2, 2026; served responses to her requests for production on September 2, 2026; uploaded materials to Plaintiff's discovery portal on September 3, 2026; and provided a Dropbox link on September 4, 2026, to documents previously produced to Plaintiff's former counsel. (ECF No. 68 at 1). Defendant further asserts that Plaintiff has not responded to Defendant's own outstanding discovery requests. (*Id.* at 1–2).

The parties were afforded an additional opportunity to resolve informally or narrow the discovery disputes already presented to the Court. However, they were explicitly advised that the existing briefing schedule remained in effect. Those informal efforts did not alter the timeliness requirements of Local Rule of Civil Procedure 37.1(c), supplement the briefing, or authorize the parties to present new substantive discovery disputes by email.

## II. Analysis

Federal Rule of Civil Procedure 37(a)(1) requires a motion to compel to include a certification that the movant in good faith conferred or attempted to confer with the

opposing party in an effort to obtain the requested discovery without Court action. Local Rule of Civil Procedure 37.1 imposes additional requirements. Before filing a discovery motion, the parties must make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. LR Civ P 37.1(b). Although that requirement is mandatory, failure to confer does not automatically require denial of a motion to compel. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 526 (S.D.W. Va. 2007).

A motion to compel must also set forth verbatim each disputed discovery request and the response to which the movant takes exception, except when the discovery request has been ignored altogether. LR Civ P 37.1(c). Additionally, motions to compel or other motions in aid of discovery not filed within thirty days after the discovery response or disclosure requirement was due are waived. *Id.* The thirty-day deadline may be extended by Court order for good cause or by stipulation of the parties, provided the stipulation is filed pursuant to LR Civ P 11.2 and does not interfere with the Scheduling Order. *Id.*

***A. Written Discovery***

As an initial matter, Plaintiff's Motion does not comply with LR Civ P 37.1(c). The discovery at issue was originally served in November 2025, while the present Motion was not filed until August 26, 2026. Plaintiff does not identify a Court order extending the thirty-day deadline or a stipulation filed pursuant to LR Civ P 11.2. Rather, she relies on the parties' continuing communications, informal accommodations, and additional time she afforded Defendant. (ECF No. 64 at 2–4). Those informal arrangements do not constitute an extension of the deadline in the manner authorized by LR Civ P 37.1(c). Accordingly, to the extent the Motion seeks an order compelling discovery based upon the

November 2025 requests and the responses due thereto, Plaintiff waived the right to seek such relief by failing to file the Motion within the period prescribed by LR Civ P 37.1(c).

Aside from that shortcoming, Plaintiff's Motion is independently deficient because she does not set forth verbatim the particular discovery requests and responses that remain in dispute. Plaintiff instead generally asserts that interrogatories remain incomplete, responsive documents have not been produced, and objections remain unresolved. (ECF No. 64 at 2–6). The Court cannot determine whether a particular answer, response, or objection is deficient without the language of the discovery request, Defendant's response or objection, and an explanation of the particular deficiency claimed.

The Motion also does not establish compliance with LR Civ P 37.1(b). Plaintiff describes written communications with Defendant, including her July 1, 2026, email transmitting a draft of the Motion, but does not identify an in-person or telephone conference concerning the disputes presented in the Motion. Although this failure does not, standing alone, require denial of the Motion, *Frontier-Kemper*, 246 F.R.D. at 526, it constitutes an additional failure to comply with the procedures governing discovery disputes in this District and bears directly on Plaintiff's request for expenses.

Even apart from these procedural deficiencies, the specific relief requested is not warranted on the present record. Plaintiff asks the Court to order Defendant to serve complete, verified answers to her interrogatories and produce all nonprivileged documents responsive to her requests for production. (ECF No. 64 at 6). Defendant represents that it served answers to Plaintiff's interrogatories and responses to her requests for production after the Motion was filed and provided additional document production. (ECF No. 68 at 1). Accordingly, to the extent Plaintiff seeks an order requiring

Defendant to answer the interrogatories or respond to the requests for production in the first instance, that request is no longer necessary.

To the extent Plaintiff contends that those answers, responses, or productions remain deficient, the Motion does not provide the information necessary for the Court to adjudicate those disputes. Plaintiff has not identified each disputed request, Defendant's response or objection, and the particular information she contends remains outstanding as required by LR Civ P 37.1(c). The Court will not enter a generalized order directing a party to provide "complete" discovery in the absence of a properly presented dispute concerning a particular discovery request.

The parties' subsequent communications with chambers do not alter that conclusion. Chambers invited discussion concerning whether the disputes already presented could be resolved or narrowed. That invitation did not convert email correspondence into supplemental briefing or authorize either party to present new substantive discovery disputes or requests for relief by email.

***B. Depositions***

Plaintiff also asks the Court to order Defendant to confer regarding mutually available dates for depositions previously requested and to permit Plaintiff to serve deposition notices under Rule 30. She further asks that, if proper deposition notices have already been served, Defendant be ordered to comply with those notices. (ECF No. 64 at 5–7). The record before the Court does not identify a properly noticed deposition at which a witness failed to appear, a Rule 30(b)(6) notice to which Defendant failed to designate a representative, or another ripe deposition dispute requiring an order compelling compliance. Moreover, Plaintiff does not require permission from the Court merely to

serve a deposition notice unless leave is required under Rule 30(a)(2). Plaintiff therefore has not demonstrated entitlement to the deposition relief requested in the Motion.

***C. Expenses and Sanctions***

Plaintiff also seeks reasonable expenses and additional sanctions under Rule 37. (ECF No. 64 at 6–7). Rule 37(a)(5)(A) addresses expenses when a motion to compel is granted or when the requested discovery is provided after the motion is filed. The Rule expressly prohibits an award, however, when the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without Court action. Fed. R. Civ. P. 37(a)(5)(A)(i).

Although Plaintiff made repeated written efforts to obtain the discovery she sought, the record does not reflect that she participated in the in-person or telephone conference required by LR Civ P 37.1(b). Written communications alone do not satisfy that requirement. *See Frontier-Kemper*, 246 F.R.D. at 526. Although the failure to confer does not itself require denial of a motion to compel, it warrants denial of the movant's request for expenses incurred in making the motion. *Id.*

Furthermore, the Motion is untimely under LR Civ P 37.1(c) and does not present the disputed discovery in the format required by that Rule. Plaintiff therefore has not demonstrated entitlement to the expenses or additional sanctions she requests.

Federal Rule of Civil Procedure 37(a)(5)(B) also requires the Court to consider whether Defendant should recover its reasonable expenses incurred in opposing the Motion. Under the circumstances presented here, particularly Defendant's supplementation of its discovery responses after the Motion was filed, the Court finds that an award of expenses to Defendant would be unjust. Accordingly, each party shall bear its own expenses associated with the Motion.

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Discovery and for Sanctions (ECF No. 64) is **DENIED**. The parties are reminded that, before presenting any future discovery dispute to the Court, they shall confer in person or by telephone as required by LR Civ P 37.1(b). Any subsequent discovery motion shall comply with LR Civ P 37.1(c), including its timeliness requirement and its requirement that each disputed discovery request and response be set forth verbatim.

The Clerk is **DIRECTED** to transmit a copy of this Memorandum Opinion and Order to Plaintiff and counsel of record.

**ENTERED:** September 16, 2026.

Dwane L. Tinsley
United States Magistrate Judge